UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JANVIEVE FOGLE Mother and Natural Guardian of
Z.R., an infant under the age of 18,

                      Plaintiff,

   -against-

THE CITY OF NEW YORK, P.O. CHRISTOPHER MILLER,
Tax Id. No. 924201, Individually and in his Official Capacity,
P.O.'s "JOHN DOE" #1-5, Individually and in their Official Capacity
(the name John Doe being fictitious, as the true names are presently unknown),
MICHAEL L LEDLON, Individually and in his Official Capacity,
BRIAD WENCO, L.L.C. (d/b/a WENDY'S), TRIBUNAL
INVESTIGATION LLC (d/b/a TRIBUNAL INVESTIGATION
AND SECURITY SERVICES), LT. RALPH CLEMENT, Tax Id.
No. 938238, Individually and in his Official Capacity, P.O. ROBERT
HASSETT, Tax Id. No. 943360, Individually and in his Official Capacity,
and P.O. ROBERT SMITH, Tax Id. No. 926140, Individually and in his
Official Capacity, P.O. JUAN ALVAREZ, Tax Id. No. 945470,
Individually and in his Official Capacity,

                      Defendants.
-----------------------------------------------------------------X

**SECOND AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

     Plaintiff, JANVIEVE FOGLE, as Mother and Natural Guardian of Z.R., an Infant Under the age of Eighteen Years, by her attorneys, COHEN & FITCH LLP, complaining of the defendants, respectfully alleges as follows:

## NATURE OF THE ACTION

     1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of Z.R.'S civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiff also brings claims for corresponding

State law causes of actions for False Arrest, Assault, Battery, and Age Discrimination pursuant to New York City Human Rights Law.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PROCEDURAL REQUIREMENTS

6. Pursuant to §8-502 (c) of the City Law, Plaintiff served a copy of this Complaint on the City of New York Commission on Human Rights on October 18, 2016.

## PARTIES

### *Plaintiff*

7. Plaintiff JANVIEVE FOGLE is an African American female and was at all relevant times a resident of the City and State of New York.

8. Z.R. is a sixteen (16) year old African American female and was at all relevant times a resident of the City and State of New York.

9. Plaintiff JANVIEVE FOGLE is commencing this action on behalf of her daughter, Z.R., as her legal guardian.

10. At all times relevant to this complaint, Z.R. was and is a full time student at Martin Van Buren High School in Queens, New York.

*Defendants*

11. Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

12. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, duly authorized public authorities and/or police departments, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

13. That at all times hereinafter mentioned, P.O. CHRISTOPHER MILLER, Tax Id. No. 924201, LT. RALPH CLEMENT, Tax Id. No. 938238, P.O. ROBERT HASSETT, Tax Id. No. 943360, P.O. ROBERT SMITH, Tax Id. No. 926140, P.O. JUAN ALVAREZ, Tax Id. No. 945470, and POLICE OFFICERS "JOHN DOE" #1-5 (collectively "NYPD officer(s)"), were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

14. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

15. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY

3

OF NEW YORK.

16. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

17. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

18. Defendant, BRIAD WENCO, L.L.C. ("BRIAD WENCO") was and is a foreign corporation duly organized and existing under and by virtue of the laws of the State of New Jersey and registered with the New York Department of State Division of Corporations in the State of New York.

19. Defendant, BRIAD WENCO maintains a "Wendy's" franchise restaurant, at 219-44 Hillside Avenue, Queens New York, acting under the direction and supervision of the aforementioned corporation.

20. Defendant, TRIBUNAL INVESTIGATION LLC (d/b/a TRIBUNAL INVESTIGATION AND SECURITY SERVICES) (hereinafter "TRIBUNAL"), was and is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York and registered with the New York Department of State Division of Corporations in the State of New York.

21. Upon information and belief, Defendant, TRIBUNAL is contracted to provide security at the aforementioned "Wendy's" franchise restaurant, located at 219-44 Hillside Avenue, Queens New York, acting under the direction and supervision of

BRIAD WENCO.

22. Upon information and belief, defendant TRIBUNAL is a security company employed by and/or and agent of BRIAD WENCO.

23. At all times hereinafter mentioned the defendant TRIBUNAL was employed and/or an agent of BRIAD WENCO and was acting under the supervision of said corporation and according to its official duties.

24. Each and all of the acts of defendant TRIBUNAL alleged herein were done by said defendant while acting within the scope of its employment and/or agency with defendants BRIAD WENCO.

25. Each and all of the acts of the defendant TRIBUNAL alleged herein were done by said defendant while acting in furtherance of its employment and/or agency with by defendant BRIAD WENCO.

26. Upon information and belief, defendant MICHAEL L LEDLON is a security guard employed by and/or and agent of BRIAD WENCO and/or TRIBUNAL.

27. At all times hereinafter mentioned the defendant LEDLON was employed and/or an agent of BRIAD WENCO and/or TRIBUNAL and was acting under the supervision of said corporations and according to his official duties.

28. Each and all of the acts of defendant LEDLON alleged herein were done by said defendant while acting within the scope of his employment and/or an agency with defendants BRIAD WENCO and/or TRIBUNAL.

29. Each and all of the acts of the defendant LEDLON alleged herein were done by said defendant while acting in furtherance of his employment and/or an agency with defendants BRIAD WENCO and/or TRIBUNAL.

## **FACTUAL ALLEGATIONS**

30. On or about February 4, 2016, at approximately 3:00 p.m., in the County of Queens, in the City, and State of New York, plaintiff Z.R. was lawfully inside of a Wendy's, which was owned and operated by defendant BRIAD WENCO, located at 219-44 Hillside Avenue, Queens, New York.

31. Z.R. had just been dismissed from school, and along with several of her other teenage classmates, she walked over to the aforementioned Wendy's to purchase some food.

32. After purchasing the food, Z.R. went over to the designated public seating area inside the Wendy's, sat down, and began eating her food where there were several seats available.

33. At no point after upon entering and remaining inside this Wendy's restaurant did Z.R. yell, scream, cause any kind of public disturbance, or engage in any kind of disorderly behavior whatsoever.

34. Nonetheless defendant LEDLON, acting in furtherance and in the scope of his employment and/or agency with BRIAD WENCO and/or TRIBUNAL, approached Z.R. and told her she could not sit in the public seating area of the restaurant.

35. Z.R. observed that only African American teenagers were told they could not sit in this designated area.

36. Z.R. asked defendant LEDLON why she could not sit in the public eating area of the restaurant and explained that she had just purchased food from the restaurant.

37. In response, defendant LEDLON did not offer any explanation as to why Z.R. could not sit there, and just repeated that she and all of her high school classmates – all African American teenagers – could not sit inside and eat their purchased food.

38. Shortly thereafter defendant NYPD officers arrived to the location and started to aggressively order all of the students inside the Wendy's to leave the premises.

39. In an effort to comply with these orders, Z.R. began packing up her things and wrapping up her uneaten food to finish outside, when all of a sudden one of the defendant police officers grabbed her sandwich and threw it in the garbage.

40. Thereafter, a defendant NYPD officer grabbed Z.R.'s arm and additional officers came over to surround Z.R.

41. The defendant NYPD officers then slammed Z.R. to the floor and started to aggressively handcuff her arms tightly behind her back, while her backpack was still on.

42. At no time on February 4, 2016, did the defendant NYPD officers possess information that would lead a reasonable officer to believe probable cause existed to arrest Z.R.

43. Thereafter, Z.R. was transported to a nearby police precinct where she was fingerprinted, placed in a holding cell, subjected to an invasive search and charged with Obstructing Governmental Administration in the Second Degree, Resisting Arrest and Trespass.

44. At no time on February 4, 2016, did Z.R. obstruct governmental administration, resist arrest or trespass, nor did she behave unlawfully in any way.

45. At no time did defendant NYPD officers possess the particularized suspicion necessary to justify an invasive search of her person.

46. Defendants' aforementioned searches of Z.R. did not result in defendants' recovery of any weapons, stolen property, or any other contraband on plaintiff's person or in plaintiff's custody and control.

47. Subsequently, Z.R. was transported to Central Booking and she remained in custody for approximately twenty-four (24) hours.

48. In connection with plaintiff's arrest, the defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the Queens County District Attorney's Office. Thereafter, defendants repeatedly gave false and misleading information regarding the facts and circumstances of Z.R.'s arrest. Specifically, defendants falsely alleged Z.R. was obstructing governmental administration, trespassing, and resisting arrest.

49. As a result of her unlawful arrest, Z.R. spent approximately twenty-four (24) hours in custody. Thereafter, Z.R. made one court appearance before the charges against her were adjourned in contemplation of dismissal on or about February 5, 2016.

50. In addition, as a result of her unlawful arrest, Z.R. suffered physical injuries to her person as a result of being forcefully slammed to the ground and having her arms tightly handcuffed behind her back.

51. As a result of the foregoing, Z.R. sustained, *inter alia*, physical injury, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of her constitutional rights.

## FEDERAL CLAIMS

## FIRST CLAIM FOR RELIEF UNDER 42 U.S.C. § 1983
## DEPRIVATION OF FEDERAL RIGHTS

45. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

46. All of the aforementioned acts of the NYPD officer defendants, their agents, servants and employees, were carried out under the color of state law.

47. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

48. The acts complained of were carried out by the aforementioned individual NYPD officer defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

49. The acts complained of were carried out by the aforementioned individual NYPD officer defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

50. NYPD officer defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF UNDER 42 U.S.C. § 1983
## FALSE ARREST

51. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

52. As a result of the aforesaid conduct by defendants, plaintiff was subjected to an illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

53. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, she was put in fear for her safety, and she was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF UNDER 42 U.S.C. § 1983
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL

54. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

55. Defendants created false evidence against Z.R..

56. Defendants forwarded false evidence and false information to prosecutors in the Queens County District Attorney's office.

57. Defendants misled the prosecutors by creating false evidence against plaintiff and thereafter providing false information throughout the criminal proceedings.

58. In creating false evidence against Z.R., in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn statements, defendants violated Z.R.'s constitutional right to a fair trial under the Sixth Amendment

and the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

59.     As a result of the foregoing, Z.R.'s liberty was restricted for an extended period of time, she was put in fear for her safety, and she was humiliated and subjected to handcuffing and other physical restraints without probable cause.

**FOURTH CLAIM FOR RELIEF ARISING UNDER 42 U.S.C. § 1983**
**UNLAWFUL SEARCH AND SEIZURE**

60.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

61.     As a result of the aforesaid conduct by defendants, Z.R.'s person and possessions were illegally and improperly seized and searched without consent, a valid warrant, probable cause, privilege or consent, in violation of her constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

**FIFTH CLAIM FOR RELIEF**
**EXCESSIVE FORCE UNDER 42 U.S.C. § 1983**

62.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

63.     The level of force employed by defendants was objectively unreasonable and in violation of the constitutional rights of the Z.R.

64.     As a result of the aforementioned conduct of defendants, Z.R. was subjected to excessive force and sustained physical and emotional injuries.

11

## SIXTH CAUSE OF ACTION
## VIOLATION OF PLAINTIFF'S RIGHT TO MAKE, ENFORCE AND PERFORM CONTRACTS UNDER 42 U.S.C. § 1981

65. Z.R. repeats and re-alleges each and every allegation set forth in the proceeding paragraphs as if set forth fully and at length herein.

66. Plaintiff is an African American female.

67. Defendants BRIAD WENCO, TRIBUNAL, and LEDLON purposefully discriminated against plaintiff on the basis of her race in that she was denied her right to sit in the publicly available seats and ultimately prevented from enjoying the full and unfettered services of her contract with Wendy's when she was denied a right to sit and eat her purchased food.

68. Defendants' discrimination was based on Z.R.'s race, was intentional, and was the substantial and/or motivating factor in interfering with plaintiff's rights under her contract to purchase and enjoy her food from Wendy's restaurant.

69. As a result of the forgoing, Z.R. sustained, *inter alia*, physical injury, mental anguish, shock, fright, apprehension, embarrassment, humiliation, loss of liberty, and deprivation of her constitutional rights.

## PENDANT STATE CLAIMS

70. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

71. On or about May 1, 2016 and within (90) days after the claim herein accrued, the plaintiff duly served upon, presented to and filed with defendant THE CITY

12

OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50 (e)**.**

72. Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

73. Defendant THE CITY OF NEW YORK demanded a hearing pursuant to General Municipal Law § 50-h and this hearing took place on July 27, 2016.

74. This action was commenced within the relevant statute of limitations after the cause of action herein accrued.

75. Plaintiff has complied with all conditions precedent to maintaining the instant action.

76. This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

77. Plaintiff has complied with all conditions precedent to maintaining the instant action.

### FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### ASSAULT

78. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

79. Defendants' aforementioned actions placed Z.R. in apprehension of imminent harmful and offensive bodily contact.

80. As a result of defendants' conduct, Z.R. has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### BATTERY

81. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

82. Defendant police officers touched Z.R. in a harmful and offensive manner.

83. Defendant police officers did so without privilege or consent from plaintiff.

84. As a result of defendants' conduct, Z.R. suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

### THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### FALSE ARREST

85. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

86. Defendant police officers arrested Z.R. in the absence of probable cause and without a warrant.

87. As a result of the aforesaid conduct by defendants, Z.R. was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the

defendants in criminal proceedings. The aforesaid actions by the defendants constituted a deprivation of the plaintiff's rights.

### FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### FALSE IMPRISONMENT

88.  Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

89.  As a result of the foregoing, Z.R. was falsely imprisoned, her liberty was restricted for an extended period of time, she was put in fear for her safety, and humiliated and subjected to handcuffing and other physical restraints.

90.  Z.R. was conscious of said confinement and did **not** consent to same.

91.  The confinement of Z.R. was without probable cause and was not otherwise privileged.

92.  As a result of the aforementioned conduct, Z.R. has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

93.  Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

94.  The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

95. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendants BRIAD WENCO, TRIBUNAL and THE CITY OF NEW YORK respectively.

96. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant BRIAD WENCO, TRIBUNAL, and THE CITY OF NEW YORK respectively.

97. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to Z.R..

98. As a result of the aforementioned conduct, Z.R. suffered severe emotional distress and physical and mental injury together with embarrassment, humiliation, shock, fright and loss of freedom.

**SIXTH CLAIM FOR RELIEF**
**UNLWFUL DISCRIMINATORY PRACTICES IN VIOLATION OF**
**ADMINISTRATIVE CODE OF THE CITY OF NEW YORK**
**§ 8-107(4)**

99. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

100. Z.R. is an African American high school teenager and her classmates, who were also told they could not sit in the public seating area of the Wendy's on February 4, 2016 are in a similar age and racial demographic as Z.R..

101. Section 8-107(4) states in pertinent part that "It shall be an unlawful discriminatory practice for any person who is the owner, franchisor, franchisee, lessor, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation: 1. Because of any person's actual or perceived race,

16

creed, color, national origin, age, gender, disability, marital status, partnership status, sexual orientation or alienage or citizenship status, directly or indirectly: (a) To refuse, withhold from or deny to such person the full and equal enjoyment, on equal terms and conditions, of any of the accommodations, advantages, services, facilities or privileges of the place or provider of public accommodation; or (b) To represent to any person that any accommodation, advantage, facility or privilege of any such place or provider of public accommodation is not available when in fact it is available; or…"

102. Defendants BRIAD WENCO, TRIBUNAL, MICHAEL L LEDLON intentionally and willfully violated City Law Section 8-107, by refusing and denying Z.R. and her classmates the full and equal enjoyment, on equal terms and conditions, of the aforementioned Wendy's because of their race, age or both.

103. Defendants BRIAD WENCO, TRIBUNAL, and MICHAEL L LEDLON intentionally and willfully violated City Law Section 8-107, by representing to Z.R. and her classmates that the public seating area in the aforementioned Wendy's was not available when in fact it was available because of their race, age, or both.

104. As a proximate result of the defendants' unlawful acts Z.R. suffered injuries and damages including, but not limited to, physical injury, pain and suffering, mental anguish, and compensatory damages due to the violation of Z.R.'s Civil Rights by the aforementioned parties.

## SEVENTH CLAIM FOR RELIEF
### NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

105. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

106. Defendants BRIAD WENCO, TRIBUNAL, and the CITY OF NEW YORK selected, hired, trained, retained, assigned and supervised all members of its corporation, including the individually defendants named above.

107. Defendants BRIAD WENCO, TRIBUNAL, and the CITY OF NEW YORK were negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of their respective corporations including the individually defendants named above.

108. Due to the negligence of the defendants as set forth above, Z.R. suffered physical injury, mental injury, pain and trauma, together with embarrassment, humiliation shock, fright, and loss of freedom.

109. As a result of the foregoing, plaintiff is entitled to compensatory damages and is further entitled to punitive damages against the individual defendants.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the following relief jointly and severally against all of the defendants:

a. A judgment declaring that Defendants have committed the violations of law alleged in this action;

b. an order awarding compensatory damages in an amount to be determined at trial;

c. an order awarding punitive damages in an amount to be determined at trial;

    d. an order and judgment preliminarily and permanently enjoining Defendants from violating Sections 8-107(4) of the Administrative Code of the City of New York,

    e. reasonable attorneys' fees, costs, and disbursements incurred in this action; and

    f. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York  
      April 4, 2017

                                    Respectfully submitted,

                                    **COHEN & FITCH LLP**

                  By:     _____/S_____  
                            Gerald Cohen, Esq.  
                            Joshua Fitch, Esq.  
                            Ilyssa Fuchs, Esq.  
                            233 Broadway, Suite 1800  
                            New York, New York 10279  
                            Phone: (212) 374-9115  
                            Fax: (212) 406-2313